IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 6:22-cr-00096-DCC-1 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Larry Anthony Ladson, Sr., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

      This matter is before the Court on Defendant Larry Anthony Ladson, Sr.'s counseled Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29 and Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33.  ECF No. 117.  On April 6, 2023, following the close of the Government's case at trial, the Court denied Mr. Ladson's oral motion for judgment of acquittal.  Mr. Ladson filed a written Motion for Judgment of Acquittal, or in the Alternative, for a New Trial on April 20, 2023.  ECF No. 117.  The Government filed a Response in Opposition on May 4, 2023.  ECF No. 121.  For the reasons set forth below, the Motion is denied.

## BACKGROUND

      On February 8, 2022, Mr. Ladson was charged in a six-count Indictment for possession with intent to distribute cocaine, cocaine base, methamphetamine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 841(b)(1)(D); possession of a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C.

§§ 922(g)(1), 924(a)(2), and 924(e); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  ECF No. 3 at 1–4.

The case proceeded to a jury trial on April 4–6, 2023.  At the close of the Government's case, Mr. Ladson moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure and asked the Court to find that the evidence was insufficient to sustain a conviction.  The Court denied the motion and sent the case to the jury.  The jury returned a guilty verdict on all six counts.  ECF No. 114.  Mr. Ladson filed a written Motion for Judgment of Acquittal, or in the Alternative, for a New Trial on April 20, 2023.  ECF No. 117.  The Government filed a Response in Opposition on May 4, 2023.  ECF No. 121.  The Motion is now before the Court.

## **APPLICABLE LAW**

*Motion for Judgment of Acquittal*

Federal Rule of Criminal Procedure 29 provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."  Fed. R. Crim. P. 29(c)(1).  "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt."  *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982).  "In determining the issue of substantial evidence, the court neither weighs the evidence nor considers the credibility of witnesses."  *United States v. Gillion*, CR/A No. 3:10-cr-00834-JFA, 2011 WL 3471485, at *2 (D.S.C. Aug. 8, 2011) (citing *United States v. Arrington*,

719 F.2d 701, 704 (4th Cir. 1983)). "This court must give the government 'the benefit of all reasonable inferences from the facts proven to those sought to be established.'" *United States v. McKenzie*, CR/A No. 3:07-cr-00155-JFA, 2008 WL 11429774, at *1 (D.S.C. Apr. 25, 2008) (quoting *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982)).

***Motion for New Trial***

Federal Rule of Criminal Procedure 33 provides that a trial court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for a new trial under Rule 33 must be filed within 14 days of the verdict, except for a claim of newly discovered evidence. Fed. R. Crim. P. 33(b)(2). "When the motion attacks the weight of the evidence, the court's authority is much broader than when it is deciding a motion to acquit on the ground of insufficient evidence." *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). "In deciding a motion for a new trial, the district court is not constrained by the requirement that it view the evidence in the light most favorable to the government" and "may evaluate the credibility of witnesses." *Id.* However, a trial court "should exercise its discretion to grant a new trial sparingly," and should grant it "only when the evidence weighs heavily against the verdict." *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (quoting *United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997) (internal quotation marks omitted)); *see also United States v. Smith*, 451 F.3d 209, 217 (4th Cir. 2006) (noting "a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it" (quoting *Perry*, 335 F.3d at 320)).

**DISCUSSION**

I.     **Counts I & IV: Possession with Intent to Distribute Controlled Substances**

A conviction under 21 U.S.C. § 841 for possession with intent to distribute a controlled substance requires that the defendant knowingly possessed the controlled substances alleged in the indictment; that the defendant knew that the substances possessed were controlled substances under the law at the time of the possession; and that the defendant possessed the controlled substances with the intent to distribute them. "Intent to distribute may be inferred from possession of drug-packaging paraphernalia or a quantity of drugs larger than needed for personal use." *United States v. Fisher*, 912 F.2d 728, 730 (4th Cir. 1990) (citing *United States v. Castellanos*, 731 F.2d 979, 985 (D.C. Cir. 1984)).

In this case, the jury convicted Mr. Ladson of possession with intent to distribute a quantity of cocaine base on January 9, 2020, and possession with intent to distribute a quantity of cocaine, cocaine base, marijuana, and 50 grams or more of methamphetamine on September 9, 2020. ECF No. 114. The Government presented ample evidence from which the jury could find that Mr. Ladson possessed controlled substances with intent to distribute them. Specifically, photographs and videos showed controlled substances located throughout Mr. Ladson's bedroom, some in plain view on top of dressers and others packaged for sale in corner-cut plastic baggies located inside dresser drawers and in glass jars found inside a safe in the floorboard of his bedroom closet, appearing in quantities larger than needed for personal use. In addition, Mr. Ladson knew the substances were controlled substances, as demonstrated by his apparent attempt to flush some marijuana down the toilet when law enforcement arrived at his home and his use

of certain specific language in text messages with customers, which, in context, referred to the illegal distribution of controlled substances according to Federal Bureau of Investigation Special Agent Justin Newsome. Indeed, when law enforcement asked Mr. Ladson what the white, rocklike substance in his bedroom was, he answered "probably crack." Moreover, the drugs were found among items used for distribution, such as plastic baggies, scales, razor blades, baking soda, and a microwave located in the bathroom containing cocaine residue. Viewing the evidence in the light most favorable to the Government, the Court finds that substantial evidence exists to support the jury's verdict finding Mr. Ladson guilty beyond a reasonable doubt of possession with intent to distribute controlled substances.

## II.     Counts II & V: Felon in Possession of a Firearm or Ammunition

A conviction under 18 U.S.C. § 922(g)(1) for felon in possession of a firearm or ammunition requires that the defendant has previously been convicted of a crime punishable by a term of imprisonment exceeding one year; that the defendant knew of such prior conviction; that the defendant knowingly possessed, transported, shipped, or received the firearm and/or ammunition; and that the possession was in or affecting commerce because the firearm and/or ammunition had traveled in interstate and/or foreign commerce at some point during its existence.

In this case, the Government and Mr. Ladson entered a stipulation that Mr. Ladson has previously been convicted of a crime punishable by a term of imprisonment exceeding one year, thus belonging to the class of persons prohibited from possessing a firearm and ammunition; that Mr. Ladson has not been pardoned for the conviction nor has the

conviction been expunged; and that Mr. Ladson knew he had been convicted for such an offense. Gov't's Ex. 113. Thus, the fact of Mr. Ladson's felon status was proved.

Moreover, Special Agent Mark Gage from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") testified regarding the interstate nexus requirement of this offense. Specifically, he explained to the jury that the guns found in Mr. Ladson's home, a Taurus, model 605, .357 magnum revolver and a Taurus, model Judge (Public Defender Polymer), .45 caliber revolver, and the .357 caliber and .45 caliber ammunition were all manufactured outside of South Carolina and had traveled across state lines. *See* Gov't's Ex. 112.

Regarding possession, the Government presented evidence that a firearm was found in Mr. Ladson's bedroom during both searches of his home on January 9, 2020, and September 9, 2020. During the first search, law enforcement recovered the .357 revolver inside a dresser drawer in Mr. Ladson's bedroom. During the second search, the officers found the .45 revolver under a pillow on Mr. Ladson's bed. Law enforcement also uncovered ammunition for each firearm inside dresser drawers and in the safe in the floorboard of Mr. Ladson's bedroom closet. When questioned by law enforcement outside the residence during the first search, Mr. Ladson admitted that the bedroom was his and that others staying in the home did not occupy that room. Moreover, law enforcement found several items in the bedroom which displayed Mr. Ladson's name and address, such as his driver's license, pieces of mail laying on top of the dresser, and prescription bottles bearing his name. The Government also presented a jail call recording of Mr. Ladson asking another person to retrieve his money from the safe in the floor of his closet. Viewing the evidence in the light most favorable to the Government, the Court finds that

substantial evidence exists to support the jury's verdict finding Mr. Ladson guilty beyond a reasonable doubt of being a felon in possession of a firearm or ammunition.

### III.     Counts III & VI: Possession of a Firearm in Furtherance of a Drug Trafficking Crime

A conviction under 18 U.S.C. § 924(c)(1)(A)(i) for possession of a firearm in furtherance of a drug trafficking crime requires that the defendant committed the crime of possession with intent to distribute a controlled substance; that the defendant knowingly possessed a firearm; and that the defendant did so in furtherance of a drug trafficking crime which may be prosecuted in federal court.  Specifically, "§ 924(c) requires the government to present evidence indicating that the possession of the firearm furthered, advanced, or helped forward a drug trafficking crime." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002).  "However, whether the firearm served such a purpose is ultimately a factual question." *Id.*  Some of the "factors that might lead a fact finder to conclude that a connection exists between a defendant's possession of a firearm and his drug trafficking activity" include "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *Id.* (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414–15 (5th Cir. 2000)).

As discussed above, substantial evidence exists to support the jury's verdict finding Mr. Ladson guilty of possession with intent to distribute controlled substances, which is a drug trafficking crime, and of being a felon in possession of a firearm or ammunition.  Similarly, the Court finds the Government presented ample evidence from which the jury could find that Mr. Ladson possessed a firearm in furtherance of a drug

7

trafficking crime. Specifically, the loaded firearms in Mr. Ladson's home were found in a dresser drawer in his bedroom among corner-cut baggies of controlled substances and boxes of ammunition and underneath a pillow on Mr. Ladson's bed. As explained earlier, Mr. Ladson's possession of the firearms was illegal, and the firearms were kept in his bedroom in close proximity to where the drugs, items used in distribution of drugs, ammunition, and drug proceeds were also stored. The guns were also located inside his home, which, based on evidence from Mr. Ladson's security system and law enforcement's prior surveillance of the property, was ostensibly the place where he sold the drugs to customers because Mr. Ladson's home was a high-traffic area and law enforcement stopped customers leaving his home in possession of controlled substances. Thus, viewing the evidence in the light most favorable to the Government, the Court finds that substantial evidence exists to support the jury's verdict finding Mr. Ladson guilty beyond a reasonable doubt of possession of a firearm in furtherance of a drug trafficking crime. Accordingly, Mr. Ladson's Motion for Judgment of Acquittal is denied.

**IV.     Motion for New Trial**

For these same reasons, the Court finds that Mr. Ladson's Motion for New Trial must be denied. Even applying the Court's broader authority of review under Federal Rule of Criminal Procedure 33 and evaluating the credibility of the witnesses that testified at trial, the Court finds that the record, as set forth above, demonstrates that the Government put forth sufficient evidence to support Mr. Ladson's conviction.

The Court further finds that its decision to exclude certain portions of video evidence regarding law enforcement's entry into Mr. Ladson's home on both occasions

8

was proper in light of the Court's previous ruling on Mr. Ladson's Motion to Suppress. First, the additional video of the entry by law enforcement on both occasions was irrelevant and immaterial to the issues before the jury—that is, the propriety and methodology of the search and the probative value of the items discovered. Second, the footage would have prejudiced the Government and confused the jury regarding the relevant issues to be decided in violation of Federal Rule of Evidence 403. Moreover, allowing the jury to view the additional portions of the video, as urged by the defense, would have opened the door to evidence regarding Mr. Ladson's criminal history and other risk factors leading to law enforcement's decision to enter as they did, all of which Mr. Ladson successfully sought to keep out.

Finally, the Court notes that the parties agreed, at the start of trial, to show additional video evidence that included portions from which the jury could infer the manner of law enforcement's entry, which, in the Court's view, came very close to overstepping its previous orders limiting such evidence. Nevertheless, the Court allowed this additional video to address Mr. Ladson's concerns and to afford both sides great latitude in how they chose to present their case. Accordingly, this is not a "rare circumstance" requiring the Court to grant a new trial. See Smith, 451 F.3d at 217.

## CONCLUSION

For the reasons set forth above, Defendant Larry Anthony Ladson, Sr.'s Motion for Judgment of Acquittal, or in the Alternative, for a New Trial [117] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

June 6, 2023
Spartanburg, South Carolina